J-S39002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARTHUR P. BENOIT, III, | |
| Appellant | No. 478 WDA 2016 |

Appeal from the Judgment of Sentence Entered March 15, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000616-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARTHUR P. BENOIT, III, | |
| Appellant | No. 479 WDA 2016 |

Appeal from the Judgment of Sentence Entered March 15, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000261-2015

BEFORE:  BENDER, P.J.E., BOWES, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 06, 2017**

Appellant, Arthur P. Benoit, III, appeals from the judgments of

sentence of an aggregate term of 2½ to 6 years' incarceration, followed by 1

_____

[*] Retired Senior Judge assigned to the Superior Court.

year probation, imposed after he was convicted, in two separate cases, of various offenses including aggravated assault, simple assault, and terroristic threats.[1]  On appeal, Appellant solely challenges the discretionary aspects of his sentence.  After careful review, we affirm.

The trial court summarized the factual history of this case as follows:

> The instant case arose from incidents occurring in January and February of 2015, during which time [Appellant] engaged in assaultive behavior toward his father, Arthur Benoit, Jr. - then age 60 and physically infirm - and his father's home care nurse, Bernadette Zdilla - then age 68.  Specifically, on January 26, 2015, police were dispatched to the home of [Appellant's] father, Arthur P. Benoit, Jr., in response to a disturbance.  [Appellant] had confronted Bernadette Zdilla and shoved her into a door frame [sic], causing her to fall to the floor and sustain injuries to her wrist and knee.  This incident resulted in the charges filed at Docket No. 261 of 2015 [(hereinafter, "case 261-2015")].[2] While those charges were pending, on February 17, 2015, police were again dispatched to the home of [Appellant's] father in response to a disturbance.  [Appellant] had on that occasion (1) broken his father's wheelchair, (2) physically taken his father's phone away from him and thrown it against a wall, breaking it, (3) repeatedly struck his disabled father with his hand and a pillow, leaving red marks on his father's body, (4) threatened to kill his father with a set of plaque mounted deer antlers and with a writing pen, and (5) repeatedly punched his father's bedroom door, causing severe damage to the door.

Trial Court Opinion (TCO), 12/7/16, at 3-4.  Appellant's conduct on February 17, 2015, led to the charges filed at Docket No. 616 of 2015 (hereinafter,

---

[1] This Court *sua sponte* consolidated Appellant's two cases by order entered on May 2, 2016.

[2] Specifically, Appellant was charged with aggravated assault, 18 Pa.C.S. § 2702(a)(2), and simple assault, 18 Pa.C.S. § 2701(a)(1).

"case 616-2015"). Specifically, Appellant was charged with single counts of terroristic threats, 18 Pa.C.S. § 2706(a)(1), and criminal mischief, 18 Pa.C.S. § 3304(a)(5), and two counts each of simple assault, 18 Pa.C.S. § 2701(a)(1), and harassment, 18 Pa.C.S. §§ 2709(a)(4), (a)(1).

Appellant's two cases were consolidated, and he proceeded to a non-jury trial on November 20, 2015. At the conclusion thereof, the trial court found him guilty of all the offenses with which he was charged. On March 15, 2016, Appellant was sentenced in case 261-2015 to a term of 1½ to 3 years' incarceration for his aggravated assault conviction. His simple assault conviction in that case merged for sentencing purposes. In case 616-2015, the court imposed a term of 4 to 12 months' incarceration for Appellant's conviction of terroristic threats, and two consecutive terms of 4 to 12 months' incarceration for both of his simple assault counts. The court directed that those sentences be served consecutively to each other, and to the sentence in case 261-2015. The court also imposed a consecutive term of 1 year probation for Appellant's criminal mischief offense. No further penalty was imposed for his harassment conviction in that case. Therefore, Appellant's aggregate sentence in both cases is 2½ to 6 years' incarceration, followed by 1 year probation.

Appellant did not file a post-sentence motion. Instead, he filed a timely notice of appeal on April 1, 2016. He also complied with the trial

court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[3]   The trial court filed a Rule 1925(a) opinion on December 7, 2016.   Herein, Appellant raises the following issue for our review: "I. Did the trial court abuse its discretion by sentencing [Appellant] at the highest end of the aggravated range of sentencing?"  Appellant's Brief at 7 (unnecessary capitalization omitted).

Appellant's issue challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

---

[3]  The trial court notes that Appellant's Rule 1925(b) statement was technically filed late; however, it did not deem his issue waived, as Appellant alleged that he had not received service of the court's order directing him to file the concise statement.   ***See*** TCO at 3 n.18.   We see no error in the court's decision in this regard.

> ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super.
> 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

In the present case, Appellant has failed to preserve his discretionary-aspects-of-sentencing challenge in a post-sentence motion, and he also does not point to where in the record of the sentencing hearing he raised this claim before the trial court. Consequently, his issue is waived. ***See Griffin, supra***; ***see also Commonwealth v. Bromley***, 862 A.2d 598, 603 (Pa. Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court.") (citation omitted).

We also conclude that Appellant has waived the specific arguments he raises herein based on his failure to assert them in his Rule 1925(b) statement. For instance, in that statement, Appellant set forth the following, single claim: "[Appellant] is appealing the discretionary aspects of sentencing used by the [c]ourt in that the [c]ourt erred by imposing sentences at the highest end of the aggravated range for count [*sic*] that [] Appellant was convicted of, despite evidence of mitigating factors." Rule 1925(b) Statement, 8/29/16, at 1 (unnumbered). On appeal, however, Appellant argues,

> that the trial court relied on impermissible factors in consideration of his sentence, that the court was biased due to his failure to take a guilty plea prior to exercising his right to

- 5 -

trial, that the court unduly relied on his past criminal history which had already been taken into account with his Prior Record Score, and [that] the [court] fail[ed] … to consider[] the evidence regarding [Appellant's] mental health history of hospitalizations with the most recent being on the incident date [in case 616-2015]. The court also took into consideration a third case that [Appellant] had been charged [in] but not adjudicated on which occurred a significant period of time prior to the incidents [in both the instant cases].

Appellant's Brief at 13. The trial court did not address any of these specific arguments in its Rule 1925(a) opinion. **See** TCO at 4-7.

Based on this record, we conclude that Appellant has waived the arguments he raises on appeal. Clearly, Appellant's Rule 1925(b) statement did not assert, or even suggest, his allegations that the court relied on impermissible factors and was biased against him for not entering a guilty plea. Additionally, while Appellant baldly mentioned in his concise statement that the court failed to consider 'mitigating factors,' he did not specify *what* mitigating factors the court allegedly overlooked. Thus, we have no discussion by the trial court of its consideration of Appellant's mental health history. Therefore, Appellant has failed to preserve his sentencing claims for our review, not only by failing to file a post-sentence motion, but also by not specifically identifying his claims in his Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2017